Brendan Y. Joy (SBN 254959)
E-Mail: bjoy@fisherphillips.com
Joel Moon (SBN 290470)
E-Mail: jmoon@fisherphillips.com
Alvin Y. Okoreeh (SBN 346411)
E-Mail: aokoreeh@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendants
MICHAEL MORGAN; LIBERTY RISK
CONSULTING, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN SMITH aka LUXIBOO; BRITTANY PADUGANAN aka AMIA MILEY; and JANE DOE1,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL MORGAN; LIBERTY RISK CONSULTING, LLC; CARINA THOMAS aka DANI JENSEN; DOES 1-10, inclusive,<br><br>Defendants. | Case No:<br>[*Removed from the Superior Court of California, County of Los Angeles, Case No. 22STCV37158*]<br><br>**DEFENDANT LIBERTY RISK CONSULTING, LLC'S NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>Complaint Filed: November 28, 2022<br>Removal Date: April 27, 2023<br>Trial Date: Not Set |

NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446

FP 46905624.2

**TO PLAINTIFFS, THEIR COUNSEL OF RECORD, AND THE CLERK FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant LIBERTY RISK CONSULTING, LLC ("LRC" or "Defendant"), by and through its counsel of record, submit this Notice of Removal to remove this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. Sections 1332, 1441 and 1446. In support of its removal, Defendant submits as follows:

**I. STATEMENT OF JURISDICTION**

1. This Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. Section 1332. This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. Sections 1332(a) and 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs, as set forth below. *See* 28 U.S.C. §§ 1332(a), 1441(b).

**II. VENUE**

2. This action was originally brought in the Superior Court of the State of California, County of Los Angeles. Therefore, venue properly lies in the Central District of this Court pursuant to 28 U.S.C. Sections 84(c), 1441, and 1446(a).

**III. PROCEDURAL HISTORY**

3. This lawsuit arises out of Plaintiffs' alleged business relationship with MICHAEL MORGAN AND LIBERTY RISK CONSULTING (hereinafter, collectively "Defendants"). On or about November 28, 2022, Plaintiffs filed a Complaint against Defendants in the Superior Court of California, County of Los Angeles, styled and captioned exactly as above, and assigned to case number 22STCV37158 (the "Complaint"). Plaintiffs' Complaint alleges the following

NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446

FP 46905624.2

causes of action: (1) Theft by False Pretenses (Cal. Penal Code 496); (2) Fraud; (3) Negligent Misrepresentation; (4) Intentional Interference with Contractual Relations; (5) Negligent Interference with Contractual Relations; (6) Intentional Interference with Prospective Business Advantage; (7) Negligent Interference with Prospective Business Advantage; (8) Defamation; (9) Sexual Assault and Battery; (10) Ralphs Civil Rights Act (Violation of Cal. Civ. Code §51.7); (11) Intentional Infliction of Emotional Distress; (12) Negligent Infliction of Emotional Distress; (13) Unlawful Business Practices (Bus. Prof. Code §§17200, *Et Seq.*; and (14) Accounting. *See* **Exhibit A** to the Notice of Removal ("Complaint"); Declaration of Brendan Y. Joy ("Joy Decl."), ¶ 2.

4.      On March 8, 2023, Plaintiffs' counsel served Defendants via Notice and Acknowledgement of Receipt ("NAR") based upon Defendants' agreement to accept service via NAR. Joy Decl., ¶ 3; *See* **Exhibit B**.

5.      On March 28, 2023, Defendants accepted service of the Complaint by executing the NAR on that date. *Id*., ¶ 4; *See* **Exhibit C**.

6.      On April 26, 2023, Defendants Mike Morgan and LRC filed their Answers to the Complaint. *Id.,* ¶ 5; *See* **Exhibit D**. Morgan's consent to removal pursuant to 28 U.S.C. § 1446(b)(2)(A) was filed and served concurrently with LRC's Notice of Removal.

7.      Pursuant to 28 U.S.C. Section 1446(a), true and correct copies of the Notice of Acknowledgement of Receipt, Summons, Plaintiffs' Complaint, and other related papers that were filed and served in the state court action are attached hereto as **Exhibits A-D**. *See* Joy Decl., ¶¶ 2-5.

8.      Based upon information and belief, as of the date of the filing of Defendant's Notice of Removal, a Notice of Case Assignment, Alternative Dispute Resolution Packet, First Amended General Order re: Mandatory Electronic Filing, Voluntary Efficient Litigation Stipulation Packet, Order to Show Cause, January 19, 2023 Minute Order, March 8, 2023 Notice of Acknowledgement and Receipt

NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

FP 46905624.2

and Proofs of Service for Defendants Mike Morgan and LRC, March 9, 2023 Minute Order, March 24, 2023 Case Management Statement, and March 27, 2023 Minute Order have been filed in the state court action. Joy Decl., ¶ 5.

## IV.    TIMELINESS OF REMOVAL

9.    Under 28 U.S.C. Section 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise[.]" The 30-day period for removal is triggered once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

10.    Under California law, where service is through a mailing that includes a Notice and Acknowledgment of Receipt ("NAR"), formal service is "deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender. Cal. Civ. Proc. Code, § 415.30. In general, the party to whom a NAR is mailed should execute and return it within 20 days. *Id.*

11.    On March 28, 2023, Defendants executed the NAR. Joy Decl. ¶ 4; *See* **Exhibit C**. Accordingly, Defendants have until April 27, 2023 to file this instant Notice of Removal.

## V.    REMOVAL IS SUBJECT TO A LIBERAL PLEADING STANDARD

12.    In 2014, the United States Supreme Court held that notices of removal are subject to the same general pleading standards applicable to complaints pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, and accordingly, such notices need not attach evidence or meet a burden of proof, but rather need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (quoting 28 U.S.C. Section 1446(a)). This governing principle also applies to a removing party's allegations to the amount in controversy. *Id.*; *Garnett v. ADT LLC*, 74 F. Supp. 3d 1332, 1334 (2015). Only if the Court, or another party, contests the allegations of

removability must the removing party submit evidence supporting its allegations, whereupon removability is decided under a preponderance of the evidence standard. *Dart Cherokee*, 574 U.S. at 88.

## VI. BASIS FOR REMOVAL JURISDICTION

13. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. Section 1332 because Plaintiffs and Defendants are citizens of different states, Defendant Carina Thomas was fraudulently joined to the lawsuit and thus none of the Defendants are citizens of the State of California, and the amount in controversy for Plaintiffs exceeds $75,000.00, exclusive of interest and costs. Therefore, this action may be removed to this United States District Court under 28 U.S.C. Sections 1441 and 1446.

### A. Complete Diversity of Citizenship Exists

#### 1. Plaintiff Lauren Smith's aka Luxiboo Citizenship

14. In Plaintiff's Complaint, Plaintiff expressly alleges that she is an individual residing in Los Angeles County, California. *See* Complaint, ¶ 3.

#### 2. Plaintiff Brittney Paduganan's aka Amia Miley Citizenship

15. In Plaintiff's Complaint, Plaintiff expressly alleges that she is an individual residing in Los Angeles County, California. *See* Complaint, ¶ 3.

#### 3. Plaintiff Jane Doe1

16. In Plaintiff's Complaint, Plaintiff expressly alleges that she is an individual residing in Los Angeles County, California. *See* Complaint, ¶ 3.

17. For diversity purposes, a person is a "citizen" of the state in which the person is domiciled. 28 U.S.C. § 1332 (a)(1); *see Kanotor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *Kramer v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain). Residence is *prima facie* evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885–886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994);

NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

FP 46905624.2

*Lee v. BMW of North America, LLC*, Case No. SACV 19-01722 JVS (ADSx), 2019 WL 68338911, at *2 (C.D. Cal. Dec. 16, 2019). In fact, it is presumed that a natural person's residence is also his or her domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

18.   In the Complaint, Plaintiffs allege that they "are residents of Los Angeles County, State of California." *See* Complaint, ¶ 3. Nothing in Plaintiffs' Complaint or other pleadings suggest otherwise. Accordingly, Plaintiffs are domiciled in and are citizens of the State of California.

### 4.   Defendant Mike Morgan's Citizenship

19.   At all relevant times, Defendant Mike Morgan is, and was a citizen of the State of Pennsylvania. Morgan Decl. ¶ 2. In fact, Plaintiffs' Complaint expressly alleges that Morgan is an individual and resident of Pennsylvania. *See* Complaint, ¶ 4. Nothing in Plaintiffs' Complaint or other pleadings suggest otherwise. Accordingly, Defendant is domiciled in and is a citizen of the State of Pennsylvania and not a citizen of California.

### 5.   Defendant Liberty Risk Consulting's Citizenship

20.   At the time of the filing of this action, LRC was and continues to be a limited liability company. *See* Morgan Decl., ¶ 3; Complaint, ¶ 5.

21.   For diversity purposes, in determining the citizenship of a limited liability company, courts look to the citizenship of each member of the company. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 456–57 (1900) (refusing to extend the corporate citizenship rule to a "limited partnership association" although it possessed "some of the characteristics of a corporation"). *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 n. 2 (9th Cir. 2002) (unincorporated associations are not legal entities independent of their members).

22.   At all times alleged in the State Lawsuit, at the time of the filing of

NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

FP 46905624.2

Case 2:23-cv-03205-MWF-AFM   Document 1   Filed 04/27/23   Page 7 of 17   Page ID #:7

this action, and at the time this Notice of Removal was filed, LRC was (and is) a limited liability company organized in the State of Pennsylvania with its principal place of business in Beaver, Pennsylvania. *See* Morgan Decl., ¶¶ 3-4. All major company and business functions and positions are located in Beaver, Pennsylvania. *See* Morgan Decl., ¶ 4. Moreover, at the time this action was filed and at the time this Notice of Removal was filed, LRC had one (1) member. *See* Morgan Decl., ¶ 3. At the time of filing this Notice of Removal, LRC's sole member is Michael Morgan, a resident of the State of Pennsylvania. Morgan Decl., ¶ 3.

23. Defendant LRC does not direct, control, or coordinate its activities from a principal place of business in the State of California. Morgan Decl., ¶ 5.

24. Accordingly, because LRC's sole member is a citizen of the State of Pennsylvania, LRC is similarly a citizen of the State of Pennsylvania. As such, diversity of citizenship exists between Plaintiffs and LRC.

25. Accordingly, Defendant LRC is not a citizen of the State of California.

   *6. Defendant Carina Thomas a.k.a. Dani Jensen's Was Fraudulently Joined and Is a Sham Defendant*

26. "Joinder of nondiverse defendant for the sole purpose of depriving the federal courts of jurisdiction is deemed fraudulent." *Ritchey v. Upjohn Drug. Co*, 139 F.3d 1313, 1318. "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is *obvious* according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)

27. At all relevant times, Defendant Carina Thomas ("Thomas"), was and is, a citizen of the State of California. In fact, Plaintiffs' complaint alleges and admits that Defendant Thomas "is an individual and resident of San Diego County, California." *See* Complaint, ¶ 6

28. Plaintiffs' Complaint named Defendant Thomas in this lawsuit for the

7
NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

FP 46905624.2

sole purpose of defeating diversity jurisdiction and depriving the federal courts of jurisdiction.

29. Defendant Thomas's sole connection to Plaintiffs' claims is for allegedly aiding and abetting Defendants Morgan and LRC, without any specificized detail or sufficient facts to support such contention. *See* Complaint, ¶¶ 2, 6.

30. "California has adopted the common law rule for subjecting a defendant to liability for aiding and abetting a tort. "`Liability may . . . be imposed on one who aids and abets the commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person." *Saunders v. Super. Ct.*, 27 Cal.App.4th 832, 826 (Ct. App. 1994)

31. Notably, Plaintiffs' Complaint does not include a cause of action for aiding and abetting against Defendant Thomas or any other named Defendant. *See* Complaint, *generally*.

32. At all relevant times, Defendant Thomas was never an employee of either Defendants Mike Morgan or LRC. Declaration of Carina Thomas ("Thomas Decl.) ¶ 3; Morgan Decl., ¶ 6. Defendants Morgan and LRC have never had any control over Defendant Carina Thomas' performance of work. Defendant Carina Thomas performs work outside the usual course of Defendants Mike Morgan or LRC's business. Defendant Thomas has her own established business and occupation unrelated and not connected to Defendants Mike Morgan or LRC. Thomas Decl., ¶ 3.

33. Defendant Thomas has never marketed, promoted, or worked on behalf of Defendants Mike Morgan or LRC during the relevant time period alleged in Plaintiffs' complaint, when the Complaint was filed, or at the time of this filing.

NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

FP 46905624.2

Thomas Decl., ¶ 4. Defendant Thomas has never signed an employment contract with either Defendants Mike Morgan or LRC and has never performed services for or received any form of compensation from Defendants Mike Morgan or LRC. *Id.*

34.     Defendant Carina Thomas has never, at any relevant time to this lawsuit, had knowledge that Defendant LRC was allegedly "running illegal shadow sites" and has never, at any relevant time, helped Defendants Morgan or LRC conceal any of the alleged conduct in Plaintiffs' Complaint. Thomas Decl., ¶ 2.

35.     Plaintiffs also fail to allege that Thomas offered substantial assistance to LRC in committing the alleged tortious act of "running illegal shadow sites, or how Thomas' alleged actions, separately considered, amount to a breach of duty to Plaintiffs. In fact, there are no allegations whatsoever to validate that Thomas ever owed a duty to either Plaintiffs in the first place.

36.     Thus, by failing to list aiding and abetting as a cause of action from which Plaintiffs are seeking damages in conjunction with Plaintiffs' failure to provide allegations to support the claim that Defendant Thomas had knowledge, that her alleged conduct substantially assisted LRC in the alleged unlawful conduct, or that Defendant Thomas owed Plaintiffs a duty in any regard.

37.     In addition to failing to allege facts sufficient to meet the burden of establishing a *prima facie* case for aiding and abetting, Plaintiffs entire Complaint against Defendant Thomas fails based on legal uncertainty.

38.     Plaintiffs' Complaint is impermissibly uncertain, ambiguous, and unintelligible for the principal reason that it fails to allege what the relationship between any of the named Defendants is to Plaintiffs or to each other, especially with respect to Defendant Thomas.  Cal. Code. Civ. Proc. § 430.10(f).  Plaintiffs lump all the Defendants together throughout the Complaint in a haphazard and illogical way, summarily alleging they are all agents and employees of each other, regardless of how impossible that may be.  See Complaint, ¶ 9.  The California Supreme Court has criticized the very same type of allegations as "egregious

NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

FP 46905624.2

examples of generic boilerplate." *Moore v. Regents of Univ. of Calif.*, 51 Cal.3d 120, 134, fn. 12. (1990). As such, Plaintiffs' Complaint and all allegations against Defendant Thomas are impermissibly uncertain, ambiguous, and unintelligible.

39. To highlight this point, Plaintiffs claim for fraud against all Defendants, including Defendant Thomas, alleges that "Defendants, via Morgan" allegedly made representations "made by Morgan on behalf of each defendant" to Plaintiffs and other unnamed "numerous third persons" and "third parties." See Complaint, ¶¶ 21-24. However, "A plaintiff's burden in asserting a fraud claim against a corporate employer is even greater. In such a case, the plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157 (1991). Plaintiffs fail to allege any allegations against Defendant Thomas, with the requisite specificity and particularity that is required to bring such a claim. Rather, Plaintiffs impermissibly and unintelligibly lump together all "Defendants" including Defendant Thomas.

40. Moreover, to date, Plaintiffs have failed to serve Defendant Thomas with the summons and Complaint, further buttressing the idea that her inclusion in this lawsuit by Plaintiffs was simply a ploy to avoid removal. Thomas Decl., ¶ 5; Joy Decl., ¶ 8. Additionally, courts have allowed removal of actions where a non-diverse Defendant has not been served – as is the case here. See *Zirkin v. Shandy Media, Inc.*, 2019 WL 626138, at *2-4 (C.D. Cal. Feb. 14, 2019); *Allen v. Eli Lilly and Co.*, 2010 WL 3489366, at *2 (S.D. Cal. Sept. 2, 2010). Thus, it is clear that Plaintiffs' only motivation in adding Thomas, a sham defendant, to this lawsuit was to destroy diversity of citizenship and deprive the federal court jurisdiction over this matter.

41. Accordingly, although Thomas is allegedly lumped into all causes of action with Defendants Morgan and LRC, Plaintiffs' Complaint fails to state any

NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

FP 46905624.2

claims against Defendant Thomas sufficient to state an actionable cause of action against her and her inclusion in this lawsuit should be ignored for the purposes of determining diversity because she was joined to this lawsuit fraudulently as a sham defendant.

42.    Although all defendants to an action normally must consent to removal, the consent of fraudulently joined parties is not required for removal of an action from state to federal court. *Emrich v. Touche Ross & Co.* (9th Cir. 1988) 846 F.2d 1190, 1193 n.1 (citing *Hewitt v. City of Stanton* (9th Cir. 1986) 798 F.2d 1230, 1233). Because Thomas was fraudulently joined, her consent to removal is not required.

### 7.    *Citizenship of DOE Defendants*

43.    Plaintiffs' Complaint also names as defendants Does 1 through 10. *See* Complaint, *generally* and ¶ 5. The citizenship of fictitiously-named doe defendants must be disregarded for the purposes of removal. *See* 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998). Accordingly, the citizenship of the alleged Doe Defendants here does not impact the diversity analysis for removal.

44.    Because Plaintiffs are citizens of California, Defendants Morgan and LRC are not citizens of California, and Defendant Thomas was fraudulently joined for the sole purpose of defeating diversity, complete diversity of citizenship exists in this matter. The parties are therefore diverse of citizenship as required for this Court to exercise diversity jurisdiction pursuant to 28 U.S.C. Section 1332(a). Based on the foregoing, diversity of citizenship exists between Plaintiffs and Defendants and this case must be removed to the instant Court.

### B.    <u>The Amount in Controversy Requirement is Satisfied</u>

45.    The Court has diversity jurisdiction over an action in which the parties are not citizens of the same state and "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a). The

FP 46905624.2

amount in controversy for jurisdictional purposes is determined by the amount of damages at issue at the time of removal. *Piazza v. EMPI, Inc.*, No. 1:07-CV-00954-OWWGSA, 2008 WL 590494, at \*14 (E.D. Cal. Feb. 29, 2008); *see also Merit-Care, Inc. v. St. Paul Mercury Ins. Co.* 166 F.3d 214, 217–218 (3d Cir. 1999), *abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).

46.    The amount in controversy can be determined from the complaint or from other sources, including statements made in the notice of removal. *See Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004); ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."); *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001) (examining complaint and notice of removal for citizenship determination); *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 839–40, n.2 (9th Cir. 2002) (considering settlement demand letter for purposes of determining amount in controversy).

47.    The test for determining whether the minimum amount in controversy requirement is satisfied is whether it is "more likely than not" that the plaintiff seeks to recover more than $75,000 in the action, exclusive of interest and costs. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). The removing defendant need only to establish by *a preponderance of evidence* that the claims exceed the jurisdictional minimum. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997).

48.    In assessing the amount in controversy for diversity jurisdiction purposes, the court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). It is thus

12

appropriate to first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. *See White v. FCI USA, Inc.*, 319 F.3d 672, 674–76 (5th Cir. 2003). Indeed, if the complaint seeks more than $75,000 in damages, removal on diversity grounds is proper unless the amount set forth in the complaint was stated in bad faith. 28 U.S.C. § 1446(c)(2); *See Sanchez v. Monumental Life. Ins. Co.*, 102 F.3d 398 (9th Cir. 1996). Here, Defendants deny all liability as to Plaintiffs' claims, however even an extremely low estimate of what Plaintiff could recover would result in an overall recovery exceeding $75,000.00 if a jury ruled in favor on Plaintiffs' claims for relief.

49. In this matter, Plaintiffs' Complaint makes it clear that the amount in controversy is "to be in excess of $1,500,000" and "Plaintiff Jane Doe1 seeks an additional $5,000,000…." *See* Complaint, *generally.* In their Complaint, Plaintiffs seek damages for lost of income; loss of property; loss of actual client contracts and future status; loss of employment-related opportunities; humiliation, mental anguish, anxiety, embarrassment, sustaining injury to their nervous system, physical harm to their body, great physical pain and suffering, fear, extreme and severe physical pain suffering, extreme and severe mental anguish, and emotional and physical distress damages; restitution, and punitive and exemplary damages. *See* Complaint, ¶¶ 16-17, 59-60, 67-69, 76-78, 82, and 86. Plaintiffs' Complaint further seeks judgment against Defendants for compensatory damages; special damages, mental and emotional distress damages, punitive and exemplary damages, and costs of suit, including attorney's fees. *See* Complaint, Prayer for Relief, ¶¶ (a)-(h).

50. Pursuant to their claim for compensatory damages, Plaintiffs specifically seek damages for economic loss in the form of loss of income and employment-related opportunities. Complaint, ¶¶ 53, 82, and 86, and Prayer for Relief, ¶ (a)-(b). Here, Plaintiffs claim that because of Defendants alleged unlawful conduct they have loss income of $500,000, Complaint, ¶ 86; Based on the

13

FP 46905624.2

foregoing, Plaintiffs' backpay claim could be at least $500,000 as of the date of Defendants' Notice of Removal. *Id*. It is further likely that Plaintiff will seek lost wages from the date of their termination through the date of trial. Accordingly, while Defendant denies Plaintiffs' allegations and requests for relief, it is more likely than not that Plaintiffs will seek more than $75,000.00 for their alleged loss of salary and/or employment benefits as economic damages.

51. Additionally, Plaintiffs seek an unspecified amount of non-economic damages for his alleged physical and psychological injuries and emotional distress in an amount to be proven at trial. *See* Complaint, ¶¶ 53, 59, 67, 69, 78, and Prayer for Relief, ¶(h)(ii). Emotional distress damages are considered in determining the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2015). To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases. *Cain v. Hartford Life and Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012). Emotional distress damages in employment discrimination cases "may be substantial," and the Ninth Circuit in *Kroske* reasoned that emotional distress damages "would add at least an additional $25,000" to the plaintiff's claim. *Kroske*, 432 F.3d at 980 (affirming determination that, in light of the plaintiff's alleged lost wages of at least $55,000, emotional distress damages could be valued at $25,000). Here, because Plaintiffs allegedly suffer from emotional distress, and will continue to suffer the alleged emotional distress, it is more likely than not that Plaintiffs will seek a substantial sum easily exceeding $75,000 for their alleged non-economic damages.

52. Plaintiffs also seek to recover an unspecified amount in attorney's fees. *See* Complaint, Prayer, ¶(d-f, h). Attorneys' fees (future and accrued) are considered in determining whether the amount in controversy requirement has been satisfied if a plaintiff sues under a statute that authorizes an award of fees to the prevailing party. *See Galt GIS v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Fritsch v. Swift Transportation Co. of Arizona*, LLC, 899 F.3d 785, 794

FP 46905624.2

(9th Cir. 2018); *see also Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The FEHA provides for attorneys' fees to be awarded to successful plaintiffs. *See* Cal. Gov. Code § 12965(b). Here, it is more than likely that Plaintiffs' claimed attorney's fees, including future attorney's fees, will exceed $75,000, especially if this matter goes to trial.

53.     Plaintiffs further seek punitive damages against Defendants. *See* Complaint, ¶¶ 19, 26, 35, 43, 54, 61, 69, 79 53, 77 and Prayer, ¶(b, d). Specifically, Plaintiffs claim that Defendants acted with intentional, malicious, wanton, and oppressive disregard for Plaintiffs' rights and with the intent to vex, injure, punish, and annoy Plaintiffs so as to cause Plaintiffs the injuries alleged. *Id.* When one assumes, as is required, Plaintiffs will prevail on their claims for relief, and the jury will award their punitive damages, it is difficult to imagine that the punitive damages verdict alone would be less than $75,000.

54.     Based on the nature of the allegations and damages sought in the Complaint, Plaintiffs have clearly placed in controversy an amount exceeding the jurisdictional amount of $75,000.00, exclusive of costs and interest. Accordingly, pursuant to 28 U.S.C. Sections 1332 and 1441(a), this action may be removed to the United States District Court for the Central District of California because, at the time this action was filed and at the present time, diversity jurisdiction exists.

## VII.   NOTICE PROVIDED TO STATE COURT AND PLAINTIFF

55.     In accordance with 28 U.S.C. Section 1446(d), Defendant will, promptly after the filing this Notice with the above-entitled Court, give written notice thereof to all adverse parties (i.e., Plaintiffs), and will file a copy of this Notice with the Clerk of Court of the Superior Court of the State of California, County of Los Angeles. *See* Joy Decl., ¶ 6, **Exhibit E**.

56.     Pursuant to 28 U.S.C. § 1446 (b)(2)(A)-(C), all Defendants who joined and served in this matter consent to removal and join in this Notice of Removal.

NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

FP 46905624.2

57. This notice is executed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

58. In filing this notice, LRC does not waive any defenses.

59. In filing this notice, LRC does not admit any of the allegations Plaintiffs made in their State Lawsuit.

**VIII. CONCLUSION**

60. Based on the foregoing, Defendant respectfully requests that the above-mentioned litigation, now pending before the Superior Court of California, County of Los Angeles, be removed to this Court based on diversity jurisdiction.

Dated: April 27, 2023                      FISHER & PHILLIPS LLP

                                By:      /s/ *Brendan Y. Joy*
                                         Brendan Y. Joy
                                         Joel Moon
                                         Alvin Y. Okoreeh
                                         Attorneys for Defendants
                                         MICHAEL MORGAN; LIBERTY RISK
                                         CONSULTING, LLC

NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446

FP 46905624.2

**CERTIFICATE OF SERVICE**

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On the date set forth below, I served the foregoing document entitled, **DEFENDANT LIBERTY RISK CONSULTING, LLC'S NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** on all the appearing and/or interested parties in this action as follows:

Reza Sina
SINA LAW GROUP
3727 W. Magnolia Blvd, #277
Burbank, California 91505

**Attorneys for Plaintiffs**
**LAUREN SMITH, BRITTANY PADUGANAN AND JANE DOE1**

Telephone: (310) 957-2057
Email: reza@sinalawgroup.com

☐  **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐  **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare under penalty of perjury, under the laws of The United States of America, that the foregoing is true and correct.

Executed April 27, 2023 at Los Angeles, California.

Natalie Larios
_____
Print Name

By: _____
Signature

CERTIFICATE OF SERVICE

FP 46905624.2