UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-3205-MWF (AFMx)                          Date:  October 6, 2023
Title:    Lauren Smith et al. v. Michael Morgan et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER TO SHOW CAUSE RE: SUBJECT-MATTER JURISDICTION

On April 27, 2023, Defendant Liberty Risk Consulting, LLC ("Liberty Risk") removed this action from Los Angeles County Superior Court.  (*See* Notice of Removal ("NOR") (Docket No. 1)).  Defendant Michael Morgan consented to removal.  (*Id.* ¶ 6).  Defendants attempt to invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (*Id.* ¶ 1).

"[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction."  *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (assessing whether a provision of a federal statute had jurisdictional consequences).

Jurisdiction under § 1332 requires that the amount in controversy exceed $75,000 and that the parties meet the complete diversity rule.  28 U.S.C. § 1332(a); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989).  However, "district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined."  *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

"There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Id.* (internal quotation marks and citation omitted).  Defendants who invoke federal court diversity jurisdiction on the

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-3205-MWF (AFMx)          **Date:** October 6, 2023
**Title:**     Lauren Smith et al. v. Michael Morgan et al.

basis of fraudulent joinder bear a "heavy burden since there is a general presumption against finding fraudulent joinder." *Id.* (internal quotation marks and citation omitted).

On the face of the Complaint, this action appears to lack complete diversity, as all three Plaintiffs and Defendant Thomas are residents of California. (*See* Complaint (Docket No. 1-1) ¶¶ 3, 6). However, Liberty Risk and Morgan contend that Plaintiffs fraudulently joined Thomas for the "sole purpose of defeating diversity," as evidenced by their failure to specifically allege any claims against Thomas or properly serve her. (NOR ¶¶ 26–42).

As an initial matter, neither Plaintiffs' intent nor their failure to properly serve the Complaint is relevant to the fraudulent joinder analysis. Instead, the Court must focus on whether Plaintiffs are able to establish a cause of action against Thomas. *See Gamez v. Walmart, Inc.*, No. 23-cv-04166-SB (KSx), 2023 WL 4851342, at *2 (C.D. Cal. July 28, 2023) (rejecting the same arguments because "whether joinder is fraudulent for jurisdictional purposes requires an ***objective*** inquiry into the plaintiff's ability to assert a claim against the targeted defendant" (emphasis added)).

Turning to whether Plaintiffs are unable to establish a cause of action against Thomas, the Court is not certain that Defendants have met their heavy burden. For example, the NOR fails to explain why Plaintiffs cannot cure any of the alleged deficiencies by amending the Complaint. *See Grancare*, 889 F.3d at 550 (instructing courts to consider "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend"). And although Liberty Risk and Morgan may be correct that they never employed Thomas (*see id.* ¶ 32), it is unclear how this affects Plaintiffs' aiding and abetting claim against Thomas. *See Casey v. U.S. Bank Nat. Ass'n*, 127 Cal. App. 4th 1138, 1144, 26 Cal. Rptr. 3d 401 (2005) ("Liability may be imposed on one who aids and abets the commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person." (citation omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-3205-MWF (AFMx)          **Date:** October 6, 2023

**Title:** Lauren Smith et al. v. Michael Morgan et al.

    Accordingly, Defendants are **ORDERED TO SHOW CAUSE** in writing, on or before **October 20, 2023**, why this action should not be remanded for lack of subject-matter jurisdiction. Defendants' failure to respond by the above date will result in the action being remanded to Los Angeles County Superior Court. Plaintiffs shall file a Reply, if any, by no later than **October 27, 2023**.

    The hearing for the Motion to Transfer (Docket No. 22) is continued to **November 6, 2023**.

    IT IS SO ORDERED.