JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 23-3205-MWF (AFMx) | **Date:** November 17, 2023 |
| **Title:** Lauren Smith et al. v. Michael Morgan et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER REMANDING ACTION [25] AND DENYING DEFENDANTS' MOTION TO TRANSFER [23] AS MOOT

Before the Court is a motion and an Order to Show Cause ("OSC") as follows:

First is Defendants Michael Morgan's and Liberty Risk Consulting, LLC's Motion to Transfer, filed on August 8, 2023. (Docket No. 22). Plaintiffs Jane Doe 1, Brittany Paduganan, and Lauren Smith filed an Opposition on September 25, 2023. (Docket No. 23). Defendants filed a Reply on October 2, 2023. (Docket No. 24).

Second is the Court's OSC as to why this action should not be remanded for lack of subject-matter jurisdiction. (Docket No. 25). Defendants filed a response on October 20, 2023 (the "OSC Response"). (Docket No. 26). Plaintiffs filed an untimely reply on October 29, 2023 (the "OSC Reply"). (Docket No. 27).

The Motion was noticed to be heard on **November 6**, **2023**. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

The Court rules as follows:

- Because Defendants have failed to show cause as to jurisdiction, this action is **REMANDED** to Los Angeles Superior Court.

---

**CIVIL MINUTES—GENERAL**                                                          1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.   CV 23-3205-MWF (AFMx) | Date:  November 17, 2023 |
| Title:     Lauren Smith et al. v. Michael Morgan et al. | |

- The Motion is therefore **DENIED** *as moot*.

## I.   BACKGROUND

On November 28, 2022, Plaintiffs commenced this action in Los Angeles Superior Court against Defendants Michael Morgan, Liberty Risk Consulting, LLC ("LRC"), Carina Thomas a/k/a Dani Jensen, and Does 1–10. (*See* Complaint (Docket No. 1-1)). The Complaint alleges that Morgan was the owner of LRC, an OnlyFans account management firm and Thomas' employer. (Complaint ¶¶ 2, 6). According to the Complaint, Defendants engaged in unlawful conduct with respect to the management of Plaintiffs' OnlyFans accounts. (Complaint ¶ 1). The Complaint also alleges that Morgan sexually assaulted Plaintiff Doe. (*Id.* ¶ 57).

Based on these allegations, the Complaint asserts fourteen claims for relief: (1) theft by false pretenses, in violation of Cal. Penal Code § 496(C); (2) fraud; (3) negligent misrepresentation; (4) intentional interference with contractual relations; (5) negligent interference with contractual relations; (6) intentional interference with prospective economic advantage; (7) negligent interference with prospective economic advantage; (8) defamation; (9) sexual assault and battery; (10) violation of California's Ralph Civil Rights Act, Cal. Civ. Code § 51.7; (11) intentional infliction of emotional distress; (12) negligent infliction of emotional distress; (13) unlawful business practices, in violation of Cal. Bus. & Prof. Code § 17200 et seq.; and (14) accounting. (*Id.* ¶¶ 12–93).

On April 27, 2023, LRC removed this action based on diversity jurisdiction. (*See* Notice of Removal (Docket No. 1)). Despite the fact that Plaintiffs and Thomas are residents of California, LRC argued that the Court should disregard Thomas – the "sham defendant" – who Plaintiffs added for the purpose of destroying complete diversity. (*Id.* ¶¶ 26–42).

On August 8, 2023, Defendants filed a Motion to Transfer this action to the Western District of Pennsylvania. (Docket No. 22). Subsequently, the Court issued an OSC as to why this action should not be remanded for lack of subject-matter jurisdiction. (Docket No. 27).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-3205-MWF (AFMx)                    Date:  November 17, 2023
Title:      Lauren Smith et al. v. Michael Morgan et al.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states.  The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

An exception to the complete-diversity rule recognized by the Ninth Circuit "'is where a non-diverse defendant has been 'fraudulently joined.'"  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)).  The joinder is considered fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state[.]"  *Id.* (quoting *Hamilton Materials, Inc. v. Dow Chem. Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007)).  A removing defendant must "prove that individuals joined in the action cannot be liable on any theory."  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *accord Reynolds v. The Boeing Co.*, CV 15-2846-SVW (ASx), 2015 WL 4573009, at *2 (C.D. Cal. July 28, 2015) ("To prove fraudulent joinder, the removing defendant must show that **settled** law **obviously** precludes the liability against the nondiverse defendant." (emphasis added)).

The Court may look to affidavits and other evidence to determine whether the joinder is a sham, but must resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of Plaintiff.  *Calero v. Unisys Corp.,* 271 F. Supp. 2d 1172, 1176 (N.D. Cal. 2003).  There is a heavy burden on the defendant, as "[f]raudulent joinder must be proven by clear and convincing evidence."  *Hamilton Materials,* 494 F.3d at 1206.  "If there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants the court must remand."  *Smith v. Allstate Ins. Co.*, 2010 WL 2510117, at *3 (N.D. Cal. June 17, 2010) (quoting *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1118 (N.D. Cal. 2002)).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-3205-MWF (AFMx)          **Date:** November 17, 2023
**Title:** Lauren Smith et al. v. Michael Morgan et al.

Defendants do not dispute that Thomas and all three Plaintiffs are residents of California. (OSC Response at 2; *see also* Complaint ¶¶ 3, 6). Notwithstanding the lack of complete diversity, Defendants argue that Thomas should not be considered in the Court's jurisdictional analysis. Relying on a fraudulent joinder theory, Defendants contend that Plaintiffs fail to state a claim against Thomas on two grounds. Both arguments are unpersuasive.

***First***, Defendants contend that Plaintiffs failed to state a claim against Thomas because California does not recognize liability against employees for aiding and abetting their employer when acting in the scope of their employment. (OSC Response at 8–9). Defendants are correct that "[a]gents and employees of a corporation cannot conspire with their corporate principal or employer where they act in their official capacities on behalf of the corporation." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 512 n.4, 28 Cal. Rptr. 2d 475 (1994) (citation omitted).

This "agent immunity rule," however, is subject to a few exceptions. The rule "does not preclude the subjection of agents to conspiracy liability for conduct which the agents carry out 'as individuals for their individual advantage' and not solely on behalf of the principal." *Doctors' Co. v. Superior Ct.*, 49 Cal. 3d 39, 47, 260 Cal. Rptr. 183 (1989) (citation omitted). It also "does not apply in cases where directors and officers of a corporation 'directly order, authorize, or participate in the tortious conduct.'" *Acculmage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp.2d 941, 947 (N.D. Cal. 2003) (citing *Wyatt v. Union Mortg. Co.*, 24 Cal. 3d 773, 785, 157 Cal. Rptr. 392 (1979)).

Because the agent immunity rule is not absolute, it is possible that a California court could conclude that the agent immunity rule does not apply. *See Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007) (holding that diversity jurisdiction was unavailable because the state court could conclude that the agent immunity rule did not apply based on allegations that the insurance agents "join[ed] the insurer in a conspiracy to defraud the insured"). Based on Plaintiffs' allegations against Morgan specifically, it is possible that a court could find that Thomas was acting outside the scope of her employment when committing the alleged conduct or that Morgan directly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-3205-MWF (AFMx)          **Date:** November 17, 2023
**Title:**      Lauren Smith et al. v. Michael Morgan et al.

ordered Thomas to engage in the tortious conduct. While the Complaint could have been pled more artfully and with more detail, the focus of the fraudulent joinder inquiry is whether there is "a non-fanciful possibility" that Plaintiffs can state a claim against Thomas. *Smith*, 2010 WL 2510117, at *3 (citation omitted); *see also Waterman v. Wells Fargo & Co.*, 2018 WL 287171, at *7 (C.D. Cal. Jan. 4, 2018) ("[D]istrict courts routinely remand cases in situations in which the potential liability, while possible, is actually quite unlikely."); *Mendoza v. Host Int'l, Inc.*, No. CV 13–8671–GHK (ASx), 2014 WL 367296, at *3 (C.D. Cal. Feb. 3, 2014) (rejecting fraudulent joinder argument because there was a possibility that the plaintiffs could state a defamation claim based on conclusory allegations of malice).

      Moreover, any deficiencies in the Complaint can be cured by amendment. *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (instructing courts to consider "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend"). For example, Plaintiffs could add allegations that Thomas was acting beyond the scope of her employment. *See Acculmage Diagnostics Corp. Terarecon, Inc.*, 260 F. Supp. 2d 941, 948 (N.D. Cal. 2003) (dismissing a conspiracy claim but permitting the plaintiffs to amend to add allegations that the defendants were acting "beyond the scope of their employment"). Indeed, Plaintiffs suggest that they could add facts to show that "Thomas was aiding and abetting Defendants for personal reasons" because Thomas was dating Morgan during the alleged conduct. (OSC Response at 5). Such an addition would not be contrary to the existing pleadings because at no point does the Complaint allege that Thomas was acting within the scope of her employment at all times. *Cf. De Laveaga Serv. Ctr., Inc. v. Nationwide Ins. Co.*, No. 21-cv-03389-BLF, 2021 WL 4400215, at *5 (N.D. Cal. Sept. 27, 2021) (concluding that amendment would not cure the complaint because it alleged that the defendant was acting within the course and scope of his employment "at all said times").

      ***Second***, Defendants argue that Plaintiffs have "effectively concede[d] that they are unable to establish a cause of action for aiding and abetting against Thomas" by shifting their focus to Trinity St. Clair – another alleged LRC employee – in their Opposition to the Motion to Transfer. (OSC Response at 5–6). But this asserted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 23-3205-MWF (AFMx) | **Date:** November 17, 2023 |
| **Title:** | Lauren Smith et al. v. Michael Morgan et al. | |

litigation decision, if even made, has no bearing as to whether California law obviously precludes liability against Thomas.  There is nothing stopping Plaintiffs from holding both Thomas and St. Clair liable under a civil conspiracy theory.

In light of the "strong presumption against removal jurisdiction," the Court concludes that Defendants have failed to meet their burden of establishing that Thomas was fraudulently joined.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  While Defendants point out several deficiencies in the Complaint, they fail to show that it is impossible for Plaintiffs to hold Thomas liable under a civil conspiracy theory.

Accordingly, this action is **REMANDED** to Los Angeles Superior Court.

The Motion to Transfer is therefore **DENIED** *as moot*.

Because this Court lacks jurisdiction, nothing in this Order should be taken as a ruling or comment on the merits of the action.

IT IS SO ORDERED.